## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

| | | |
|---|---|---|
| DOLE FRESH VEGETABLES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. 4:09cv00224 BSM |
| | ) | |
| AFFILIATED FOODS SOUTHWEST, INC. and GERALD W. DAVIS, LEX E. MARTINEZ, ALTON W. MILLER, JOHN A. MILLS, III, RONALD O. REHKOPH, CHARLES W. MOORE, JR., and JOHN DOES 1-18, each individually, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## TEMPORARY RESTRAINING ORDER

Plaintiff Dole Fresh Vegetables, Inc. (the "Plaintiff"), has brought suit against defendants, Affiliated Foods Southwest, Inc. (the "Company"), Gerald W. Davis, Lex E. Martinez, Alton W. Miller, John A. Mills, III, Ronald O. Rehkoph, Charles W. Moore, Jr. and John & Jane Does 1-18, each individually, (collectively the "Principals")(the Principals and the Company are collectively referred to herein as the "Defendants") under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t, as amended (2006 & Supp. 2008) (the "PACA"), seeking enforcement of a trust imposed under the Act for commodities Plaintiff sold to the Defendants but never received payment. See 7 U.S.C. 499e(c)(3). Contemporaneously with its complaint, the Plaintiff filed an application for a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65(b) seeking to prevent the Defendants from further dissipation of the trust assets.

These same pleadings and supporting documents establish that Affiliated Foods Southwest, Inc. has either dissipated the PACA trust or has presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, Affidavit and other

submissions the Plaintiff filed in this matter, it appears to this Court that the Plaintiff will suffer immediate and irreparable injury due to the dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief.  The Court is of the opinion that a Temporary Restraining Order should be issued without notice thereof due to the threat of further dissipation that such notice might allow.  In light of the above, the Court concludes that the TRO application should be GRANTED.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1.      Defendants, Affiliated Foods Southwest, Inc. (the "Company"), Gerald W. Davis, Lex E. Martinez, Alton W. Miller, John A. Mills, III, Ronald O. Rehkoph, Charles W. Moore, Jr. and John & Jane Does 1-18, as well as their respective agents, attorneys, officers, assigns, and any of their banking institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of corporate assets to any creditors, persons or entities until further Order of this Court  or until Defendants deposit into the Registry of this Court  the current aggregate sum of $100,051.25.  This provision applies to any accounts, funds, or assets of any kind, whether liquid or not, that are commingled with PACA trust assets.

2.      Further, under the authority granted to this Court through the All Writs Act, 28 U.S.C. § 1651, pending further orders of this Court, or until such time as Defendants deposit into the Registry of this Court  the current aggregate sum of $100,051.25, any banking or financial institution holding funds for Affiliated Foods Southwest, Inc. is DIRECTED NOT to pay, transfer or permit assignment or withdrawal of any of the funds held in such accounts to any person, creditor, or entity, of Affiliated Foods Southwest, Inc. until further order of this Court.

3.      If Defendants fail to deposit into the Registry of this Court the sum of $100,051.25 in full within three (3) business days of the entry of this Order, the Defendants must account to the Court

and the Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory and all other assets subject to the PACA trust and the regulations promulgated thereunder.

4.     In furtherance of such an accounting, the Court hereby directs any banking institution holding funds for any of the Defendants to turn over to Plaintiff's counsel any statements, signature cards and other documents relating to or regarding any of the Defendants' accounts at such banking institutions within five (5) days of receipt of this Order.

5.     The Defendants, their agents, employees, successors, banking institutions, attorneys and all persons in active concert and participation with Defendants shall immediately turn over to the registry of the Court any and all assets impressed with the PACA trust.

6.     This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise.  In this regard, within three (3) business days of the entry of this Order, the Defendants shall serve a copy of this Order on all financial institutions with which any of the Defendants does any business, may do any business with or who may be holding any PACA trust assets for or on behalf of any of the Defendants.

7.     Because Affiliated Foods Southwest, Inc. already possesses $100,051.25 of PACA trust assets which are the Plaintiff's property, the bond in this matter is hereby set at $0.00.

8.     A Preliminary Injunction Hearing is hereby set for March 30, 2009, at 11:00 a.m. in Courtroom 2D of the United States District Court for the Eastern District of Arkansas, in Little Rock, Arkansas.

9.      Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on all Defendants including their respective counsel, if known.


IT IS SO ORDERED this 20th day of March, 2009.


_____
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF ARKANSAS**